```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION
```

Tracy Todd,                          :

        Plaintiff,          :   Case No. 2:06-cv-0889

   v.                               :   JUDGE WATSON

Capt. M.J. Baker, et al.,            :

        Defendants.         :


## REPORT AND RECOMMENDATION

On September 11, 2006, the Court received a complaint from Tracy Todd, a state prisoner.  The complaint asserts a cause of action under 42 U.S.C. §1983 against Captain M.J. Baker, an official employed as the City Jail Administrator in Zanesville, Ohio, and unknown others for denying Mr. Todd medical attention.  According to the complaint, Mr. Todd was burned with a taser on November 23, 2003.  Although he was taken to the hospital for examination the next day, he asserts that he was denied immediate medical attention in violation of the Eighth Amendment.  The case is before the Court for an initial screening pursuant to 28 U.S.C. §§1915(e)(2) and 1915A.

    28 U.S.C. §1915(e)(2) provides that in proceedings <u>in forma pauperis</u>, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  28 U.S.C. §1915A further provides that in any prisoner case, the Court shall dismiss the complaint or any portion of it if, upon an initial screening, it appears that the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant who is immune from suit.  The purpose of these statutory sections is to prevent suits

which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Claims against defendants who are immune from suits for money damages, such as judges or prosecutors acting in their judicial or prosecutorial capacity, are also within the ambit of §1915A. Pro se complaints are to be construed liberally in favor of the pro se party.  See Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

In this case, the events which Mr. Todd complains of occurred on November 23, 2003.  He did not submit his complaint to this Court until September 11, 2006.  The statute of limitations applicable to a claim under 42 U.S.C. §1983 is two years.  Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989).  The complaint appears to indicate that Mr. Todd did not file his action earlier because he did not

realize until after his transfer to a state correctional institution, that he had a cause of action arising out of the November 23, 2003 events.

Although the statute of limitations is an affirmative defense which must ordinarily be raised in a responsive pleading, and which may be waived, the District Court is permitted to dismiss an action as frivolous because it was not filed within the applicable limitations period if that failure clearly appears on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir. 1995); see also Watson v. Wayne County, 90 Fed. Appx. 814 (6th Cir. Jan. 26, 2004); Norwood v. Michigan Dept. of Corrections, 67 Fed. Appx. 286 (6th Cir. May 23, 2003); Alston v. Tennessee Dept. of Corrections, 28 Fed. Appx. 475 (6th Cir. Jan. 28, 2002). Although all of the decisions on this issue made by the Court of Appeals for the Sixth Circuit are unpublished, the Court finds those decisions and the decisions of the Second Circuit Court of Appeals in Pino persuasive.  As Pino noted, decisions such as Haskell v. Washington Township, 864 F.2d 1266 (6th Cir. 1988) which hold that it is error for the Court to raise the statute of limitations issue *sua sponte*, deal with post-pleading determinations by the District Court that the statute of limitations bars the suit, and does not prevent the Court from noticing that defect in a complaint when conducting an initial screening pursuant to 28 U.S.C. §1915 or §1915A.

Here, the only argument set forth in the complaint concerning the statute of limitations is that Mr. Todd did not realize until he arrived at a state institution that he had a cause of action for the events described in the complaint.  He does not explicitly indicate that the realization came only after the two-year limitations period

3

had expired. Even if that were true, however, mere ignorance of the precise basis for a federal constitutional claim does not toll the running of the statute of limitations. See, e.g., Howard v. Rea, 11 Fed. Appx. 419 (6th Cir. Sept. 17, 2004)(holding that a prisoner demonstrated sufficient awareness of a violation of his rights by filing an administrative grievance at the time of the violation and therefore was required to file his action within the applicable limitations period after the event occurred); cf. Lundblad v. Celeste, 874 F.2d 1097 (6th Cir. 1989), vacated on other grounds 924 F.2d 627 (6th Cir. 1991) (holding that, under Ohio law, which applies to the tolling of the §1983 statute of limitations in cases arising in Ohio, an awareness of an injury is sufficient to trigger the running of the statute of limitations and that absent some act of fraudulent concealment on the part of a defendant, the plaintiff's lack of awareness of a cause of action against a specific defendant does not excuse the failure to file in a timely fashion).

Here, Mr. Todd demonstrated his awareness of a potential legal claim by filing a grievance in November of 2003. Because the failure to file this action within the two-year statute of limitations applicable to §1983 claims is apparent on the face of the complaint and Mr. Todd has provided no valid legal excuse for failing to file his action within that time period, it is recommended that the complaint be dismissed as frivolous and for failure to state a claim as provided for in 28 U.S.C. §§1915(e)(2) and 1915A.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to

those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

    The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

                                              /s/ Terence P. Kemp
                                              United States Magistrate Judge