IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tracy Todd, :

    Plaintiff, :

v. : Case No. 2:06-cv-0889

Capt. M.J. Baker, et al., : Judge Michael H. Watson

    Defendants. :

## ORDER

Plaintiff, Tracy Todd, currently a state prisoner, has requested leave to proceed in forma pauperis and to file a complaint against a Zanesville city jail administrator based upon events that occurred in November of 2003. On December 29, 2006, the Magistrate Judge issued a Report and Recommendation noting that the statute of limitations had run on Mr. Todd's §1983 claims and that his complaint is subject to dismissal for failure to state a claim. Mr. Todd has objected to the Report and Recommendation. The Court reviews the objections de novo. For the following reasons, the objections will be overruled and this action will be dismissed.

The Report and Recommendation sets forth the factual background of this case. The only pertinent facts are that Mr. Todd allegedly suffered an unlawful physical injury at the hands of Captain Baker on November 23, 2003 but did not submit a complaint to the Court concerning the matter until September 11, 2006. Because the statute of

limitations on this claim is two years, the Magistrate Judge concluded that the claim was time-barred.

In his objection, Mr. Todd cites to Fed.R.Civ.P. 15(c)(3) and argues that his attempt to sue Captain Baker "relates back" to some earlier point in time which would be within the applicable limitations period. However, that Rule comes in to play only when an action is filed within the limitations period, but the complaint is then sought to be amended to add an additional defendant after the limitations period has expired. Under certain circumstances Rule 15(c) permits the amendment to "relate back" to the date of the initial filing and thus permits the plaintiff to overcome the statute of limitations bar. Here, Captain Baker was not added to this action by way of an amended complaint, but is the only named defendant in the original complaint. There is no "relation back" date on which an earlier complaint in this case was filed. Rather, this case was not initiated at all until September 11, 2006, almost three years after the incident in question. Consequently, Rule 15(c) is simply inapplicable to this situation.

Mr. Todd's other argument is that the Court should apply principles of equitable tolling which would extend the time for filing an action. In support of this argument, he asserts that his criminal attorney repeatedly told him that he had no claim and that he notified the trial court in his criminal case about the facts leading to his injury but the trial court never provided him with any guidance concerning filing a suit. He contends that because of his unrepresented and incarcerated status, he was unable to learn both that he had an action against Captain Baker and Captain Baker's name until after the limitations period had expired.

The statute of limitations applicable to §1983 actions may be equitably tolled

under certain circumstances. The Court must take in to account whether the plaintiff had actual or constructive notice of the requirement that the case be filed within a certain time, whether the plaintiff diligently pursued his rights, whether the defendant would be prejudiced by the delay, and whether the plaintiff remained reasonably ignorant of the requirement that he file suit. See generally Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988); see also Howard v. Rea, 11 Fed.Appx. 419 (6th Cir. September 17, 2004).

In almost any case, a party who fails to file his or her claim within the statute of limitations can assert reasons for that failure. In order for equitable tolling to be properly limited to extraordinary cases, the facts must go beyond simply explaining why the plaintiff failed to file within the limitations period, and must demonstrate that, through no fault of the plaintiff's, it was neither practical nor possible for the plaintiff to satisfy the filing requirement. Simply being unaware of the specifics of a legal claim is not sufficient; rather, "[w]hen [a plaintiff] is generally aware of his rights, ignorance of specific legal rights or failure to seek legal advice should not toll the [limitation] period. A contrary result would permit an aggrieved [party] aware of his general rights to sit on those rights until he leisurely decided to take action." Jackson v. Richards Medical Co., 961 F.2d 575, 580 (6th Cir. 1992); see also Hawkins v. Spitters, 79 Fed.Appx. 168 (6th Cir. October 24, 2003). Equitable tolling usually addresses cases where a party is prevented from asserting his rights "in some extraordinary way" rather than because of poor advice or inaction on the part of others upon whom the plaintiff may rely. Hawkins, 79 Fed.Appx. at 170, citing Jones v. Morton, 195 F.3d 153, 159 (3rd Cir. 1999).

Here, none of the facts which Mr. Todd alleges in his objections show that the

defendant was in any way responsible for discouraging him from filing a case. Further, it appears that he was at least generally aware of his legal rights at the time the injury occurred because he presented those facts to the trial court in his criminal case and discussed them with his attorney. The fact that the trial court did not "get back to him" on the issue or that his attorney discouraged him from filing a suit because it might have an adverse impact on the resolution of his criminal case are not unusual occurrences. The trial court had no responsibility to advise Mr. Todd of his right to file a civil action against his jailer, nor was it his criminal attorney's responsibility to provide such advice or to refrain from advising Mr. Todd about the advisability of not filing a civil action as long as his criminal case was pending. None of these circumstances rise to the level of facts necessary to demonstrate that equitable tolling should be applied.

Based upon the foregoing, Mr. Todd's objections to the Magistrate Judge's Report and Recommendation are overruled and the Report and Recommendation is ADOPTED. This action is DISMISSED WITH PREJUDICE for failure to state a claim. The Clerk is directed to enter judgment in favor of the defendant and to send the defendant a copy of the complaint, the Report and Recommendation, and this order.

/s/ Michael H. Watson
Michael H. Watson, Judge
United States District Court